## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

KOOK-JIN MOON, AND )
SAEILO, INC. )
  )
    Plaintiffs, )
  )
v. )
  )
BERETTA U.S.A. CORPORATION, )
  )
    Defendant. )
  )

**14 CV 1294**

Civil Action No.

**JUDGE ROMAN**

**COMPLAINT FOR PATENT INFRINGEMENT**

**Jury Trial Demanded**

2014 FEB 27 PH 12: 55

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiffs Kook-Jin Moon ("Moon") and Saeilo, Inc. ("Saeilo"; collectively "Plaintiffs"), for their patent infringement complaint against Defendant Beretta U.S.A. Corporation ("Defendant"), state as follows:

### NATURE OF THE ACTION

1.    This is a patent infringement action in which Plaintiffs seek monetary damages for Defendant's infringement of the Plaintiffs' United States Patent No. 5,502,914, entitled "Striker Cocking and Firing Mechanism for a Handgun" (hereinafter, the "'914 patent" or "patent-in-suit"; a copy of which is attached hereto as Exhibit A), which was duly and legally issued by the U.S. Patent and Trademark Office on April 2, 1996 in which the named Moon is the patentee and owner, and the named Saeilo is the exclusive licensee.

## PARTIES

2.      Plaintiff Moon is an individual residing in Pennsylvania and is President of Saeilo Enterprises, Inc.

3.      Plaintiff Saeilo, Inc., a subsidiary of Saeilo Enterprises, Inc., is a corporation organized and existing under the laws of the State of Delaware with its corporate headquarters located in Pearl River, New York.

4.      Plaintiff Moon is the owner of the patent-in-suit and has the right to exclude Defendant from making, using, selling, offering to sell, or importing in this district and elsewhere into the United States the patented invention(s) of the patent-in-suit, and the right to sublicense the patent-in-suit, collect damages, and sue for infringement and recover past damages from Defendant.

5.      Plaintiff Saeilo is the exclusive licensee of the patent-in-suit and has "all substantial rights" in the patent-in-suit, including the right to exclude Defendant from making, using, selling, offering to sell, or importing in this district and elsewhere into the United States the patented invention(s) of the patent-in-suit, and the right to sublicense the patent-in-suit, collect damages, and sue for infringement and recover past damages from Defendant.

6.      Upon information and belief, Defendant Beretta U.S.A. Corporation is a corporation organized and existing under the laws of the State of Maryland with a principal place of business in Accokeek, Maryland.

## JURISDICTION AND VENUE

7.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, and 281-285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has personal jurisdiction over Defendant because: Defendant is present within or has minimum contacts with the State of New York and the Southern District of New York; Defendant has purposefully availed itself of the privileges of conducting business in the State of New York and in the Southern District of New York;  Defendant sought protection and benefit from the laws of the State of New York; Defendant regularly conducts business within the State of New York and within the Southern District of New York; and Plaintiffs' causes of action arise directly from Defendant's business contacts and other activities in the State of New York and in the Southern District of New York and who each use Defendant's products and services in the State of New York and in the Southern District of New York.

9.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I - PATENT INFRINGEMENT

10.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 9 above.

11.     The '914 patent was duly and legally issued by the United States Patent and Trademark Office on April 2, 1996 after full and fair examination for systems and methods for cocking, releasing and firing mechanisms for handguns.

12.     Plaintiff Moon is, and at all times relevant has been, the patentee and lawful owner of the '914 patent and possesses all substantive rights and rights of recovery under the '914 patent, including the right to sue for infringement and recover past damages.

13.     Plaintiff Saeilo is, and at all times relevant has been, the exclusive licensee of the '914 patent and possesses all substantive rights and rights of recovery under the '914 patent, including the right to sue for infringement and recover past damages.

14.     The '914 patent was valid and enforceable up to its expiration on June 25, 2013.

15.     Plaintiffs marked the Operating Instructions Manual that accompanies each of its pistols embodying the invention claimed in the '914 patent in accordance with 35 U.S.C. §287.

16.     Upon information and belief, Defendant has infringed, either literally and/or under the doctrine of equivalents, one or more claims of the '914 patent by making, using, providing, importing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States products, incorporating the cocking, firing and releasing mechanisms and other claims of the '914 patent, including its Beretta BU9 Nano semi-automatic, striker fired, micro pistol.

17.     Upon information and belief, Defendant has also contributed to the infringement of one or more claims of the '914 patent and/or actively induced others to infringe, either literally and/or under the doctrine of equivalents, one or more claims of the '914 patent, in this district and elsewhere in the United States products, incorporating the cocking, firing and releasing mechanisms and other claims of the '914 patent, including its Beretta BU9 Nano semi-automatic, striker fired, micro pistol.

18.     Defendant's aforesaid activities have been with notice and knowledge of the '914 patent without authority and/or license from Plaintiffs, and are thus willful and deliberate.

19.     Plaintiffs are entitled to recover from the Defendant the damages sustained by Plaintiffs as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

20.     Defendant's infringement of Plaintiffs' exclusive rights under the '914 patent caused Plaintiffs harm including but not limited to damages.

21.     This case is "exceptional" within the meaning of 35 U.S.C. § 285 and Plaintiffs are entitled to an award of attorneys' fees.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure of any issues triable of right before a jury in the above-captioned action.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs request that this Court find in their favor and against Defendant, and that the Court grant Plaintiffs the following relief:

(a)     An adjudication that one or more claims of the '914 patent have been infringed, either literally and/or under the doctrine of equivalents, by the Defendant and/or by others to whose infringement the Defendant has contributed and/or by others who infringement has been induced by Defendant;

(b)     An award to Plaintiffs of damages adequate to compensate Plaintiffs for the Defendant's acts of infringement, amounting to no less than reasonable royalties, and/or any available damages based on form of recoverable economic injury sustained by Plaintiffs as a result of Defendant's infringement, together with pre-judgment and post-judgment interest;

(c)     An adjudication that one or more of the Defendant's acts of infringement be found willful and deliberate, and an award of treble damages for the period of such willful and deliberate infringement pursuant to 35 U.S.C. §284;

(d)     An adjudication that this is an "exceptional" case and an award of Plaintiffs' reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

(e)     An award of such other legal or equitable relief as the Court may deem just and proper.

Dated: February 27, 2014

Respectfully submitted,


By: _____
James A. Borer, Esq. (JB1128)
1 Blue Hill Plaza -- Fl 14
Pearl River, NY  10965-3104
T:     (845) 652-8536
E:     james.borer@saeilo.com

-and-

Clifford P. Kelly, Esq. (*pro hac vice to be filed*)
ALIX, YALE & RISTAS, LLP
750 Main Street, Suite 1400
Hartford, Connecticut 06103
T:     (860) 527-9211
F:     (860) 527-5029
E:     ckelly@pctlaw.com

Attorney for Plaintiffs
KOOK-JIN MOON and SAEILO, INC.